JiSCHOTT, Chief Judge.
Defendant, Tidy Building Services, has appealed from a judgment in favor of the widow and minor child of Louis Bryant for worker’s compensation death benefits. Defendant *49 contends that the hearing officer erred in allowing the testimony of plaintiffs expert witness and in awarding this expert a fee of $2,000. We affirm.
There is no dispute as to these factual findings of the hearing officer. Tidy assigned the decedent to clean the kitchen and other areas at the Hyatt Hotel in New Orleans. He cleaned the floors, stoves, ovens and hoods with a cleaning product known as “Grease Cutter” which contains butoxyetha-nol. He regularly used the product without protective clothing such as gloves and apron and continued to do so for several weeks prior to his last day of work even though he had an open cut on his arm. Furthermore, he used more of the product than normal during the last week because of an impending inspection. He was also exposed to bu-toxyethanol because other employees working nearby used the grease cutter in spray causing airborne vapor and exposing his eyes, nose, and mouth to the substance.
During his last few weeks on the job the decedent’s face and lips began |2to swell to the point where he had difficulty speaking. Prior to his increased exposure to butoxyeth-anol he had no medical problems or exposures which could explain his death which resulted from a plastic anemia. An autopsy on the decedent stated:
This 44 year old man died of acute bone marrow hypoplasia with severe pancytope-nia leading to various complications, such as staph, aureus tonsillitis, systemic can-didemia, clinical erythema multiforme with ocular and oropharyngeal involvement, and focal systemic hemorrhages. Cause of bone marrow suppression has not been established. In the opinion of Dr. La-rtigue (Section Director of Chemistry lab, VAMC), the suspected toxic agents are organic compounds that cannot be detected from an autopsy tissue.
Plaintiffs expert, Dr. Richard Lipsey, testified that butoxyethanol cannot be detected in the tissue or blood but can be tested in the urine, but no urine test was done. Dr. Lip-sey was of the opinion that decedent’s exposure to butoxyethanol was the cause of his death from a plastic anemia or bone marrow suppression.
In this court Tidy specifies only two errors. The first is that Lipsey’s testimony was improperly admitted because it was not based upon the proper foundation or proper methodology as required by Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 113 S.Ct. 2786,125 L.Ed.2d 469 (1993); and State v. Foret, 628 So.2d 1116 (La.1993). Tidy argues that the hearing officer was required to make a preliminary determination as to the expert’s qualifications before hearing his testimony. In that hearing, says Tidy, the hearing officer was required to determine the “Testability” of the expert’s theory, whether the theory has been subjected to peer review and is generally accepted in the scientific community, and the known or potential rate of error. Tidy argues that the hearing officer should have required Lipsey to demonstrate that his opinions were based upon |3sound scientific procedures and acceptability of the mythology validating his opinions.
This argument is not properly before this court because it was not raised at trial. To the contrary, when Lipsey’s deposition was taken on November 7,1994, after he was examined and cross examined on his qualifications, Tidy’s attorney stated: “I have no objection to this witness being submitted and qualified as an expert in the field of toxicology.” . When at trial of the case on May 3, 1995, the deposition was offered in evidence, Tidy’s attorney stated that he had no objection to it. Tidy’s failure to submit this issue to the trial court when it arose precludes review of the issue on appeal. Rule 1-3, Uniform Rules-Courts of Appeal. In Fowler v. Bauman, 95-0145 (La.App. 4 Cir. 10/12/95), 663 So.2d 438, 440, this court noted that the failure to raise an objection to an expert’s qualifications or his methodology at trial was significant.
To ignore Lipsey’s testimony because of the failure of the hearing officer to perform the “gatekeeping” function prescribed by Daubert/Foret under the circumstances of this case would be unfair. Lipsey’s deposition was taken six months before trial. Tidy did not mention Daubert/Foret at the deposition or at trial. Lipsey was recognized as an expert toxicologist. This is precisely the kind of an expert who can testify as to the *50 harmful effects of a substance like butoxyeth-anol on a human being. Tidy’s expert was also a toxicologist. Once Tidy accepted Lip-sey without objection it relegated itself to dispute the weight of his testimony, but it could not retroactively expunge his testimony.
The only significant conflict between the toxicologists in this case was that Lipsey based his opinion on laboratory experiments which showed that butoxyethanol caused damage to red blood cells in animals while Tidy’s expert was of the opinion that such experiments were irrelevant. In his opinion the result of exposure to the blood of animals was not the same as to human blood.
pThe hearing officer recognized that the expert called by Tidy was quite persuasive and highly qualified. Nevertheless, she resolved the conflict in their testimony in favor of plaintiff. We are not able to conclude that this conclusion was manifestly erroneous or abusive of her discretion.
In reaching our own conclusion to affirm the judgment of the hearing officer we are also mindful of the principle that the worker’s compensation law is to be liberally construed and applied in favor of the claimant. Also, the present record provides a classic case of a man who had virtually no medical problems until he was heavily exposed to butoxyethanol. Thereafter, his health radically changed and rapidly deteriorated. Nothing in the man’s lifestyle remotely suggested a reason for this. Nothing in the record provides a suggestion for his problem other than his exposure to butox-yethanol.
As to Tidy’s argument Lipsey’s expert witness fee was excessive we are not persuaded that this was abusive of the hearing officer’s discretion.
Accordingly, the judgment appealed from is affirmed.

AFFIRMED.

PLOTKIN, J., dissents with written reasons.